**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2654-17T2

FLOWING WHITE MILK, LLC,

      Plaintiff-Appellant,

v.

TOWNSHIP OF LAKEWOOD,

      Defendant-Respondent.

_____

> Argued February 6, 2019 – Decided April 3, 2019
>
> Before Judges Ostrer, Currier, and Mayer.
>
> On appeal from Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-1040-17.
>
> Anthony L. Velasquez argued the cause for appellant.
>
> Harold N. Hensel argued the cause for respondent (Secare & Hensel, attorneys; Harold N. Hensel, on the brief).

PER CURIAM

    In this matter arising out of an action to quiet title, we consider whether a municipality may accept land dedicated as open space fifteen years after the

property was tendered to it, and after the municipality sold a tax lien against it and permitted the tax certificate holder to foreclose on it. Because the controlling law set forth in Township of Middletown v. Simon, 193 N.J. 228 (2008) authorizes the municipality's acceptance of the property despite the lengthy period of time following its tendered dedication, we affirm.

In 2002, a developer, Kedma I, Inc. (Kedma), applied to the Lakewood Township Zoning Board of Adjustment (Zoning Board) for a special permit to subdivide a property in a single-family residential zone. Under a Lakewood "cluster" zoning ordinance, a developer may create residential lots smaller than otherwise required if it designates the excess land as "open space." Kedma submitted a site plan, including small residential lots, and dedicated the roughly 6.81 remaining acres (the parcel) as "open space" in compliance with the ordinance.[1] The Zoning Board approved the permit and plan, noting in the memorializing Resolution: "For the reasons given, including the strong public purpose of dedicating [o]pen [s]pace for preservation the [s]pecial [p]ermit sought may be granted."

Although Kedma filed a subdivision map in the county clerk's office reflecting the open space, it did not execute a deed. As a result, defendant

---

[1] The parcel contained a detention basin and wetlands.

A-2654-17T2

Township of Lakewood immediately began to assess taxes against the parcel. During this time, defendant never acted to accept the dedication.

When Kedma failed to pay taxes, defendant sold a tax lien against the parcel to Crusader Servicing Corporation (Crusader) in 2005. Crusader foreclosed on the parcel in December 2010 and recorded the foreclosure with the county clerk. Crusader subsequently sold the parcel to plaintiff Flowing White Milk, LLC in October 2014 for $3,000.

Plaintiff applied to the Lakewood Planning Board (Planning Board) in 2016 to further subdivide the parcel into a residential lot (.41 acres) and an open space (6.4 acres). The proposed open space would contain the detention basin and wetlands. After learning of the 2002 dedication from a local homeowner's association, the Planning Board denied plaintiff's application, querying whether it had jurisdiction to consider the application.

In April 2017, plaintiff filed a quiet title action to extinguish any claim that the parcel was subject to the 2002 dedication. In September 2017, while the action was pending, defendant adopted a resolution accepting the 2002 dedication (Ordinance). The resolution noted that Kedma "never formally finalized the dedication of the land to [defendant] by way of execution of a

deed," but the county clerk's record contained a "specific notation that [the parcel] was dedicated to [defendant]."

Plaintiff moved for injunctive relief to stay the Planning Board's adoption of the Ordinance and amend the complaint as an action in lieu of a prerogative writs. The court granted the motion and ordered defendant to show cause as to why the Ordinance should be upheld.[2] Defendant then moved for summary judgment and plaintiff cross-moved for summary judgment.

In an order and written opinion issued January 24, 2018, the court concluded Middletown governed the issue of a municipality's delayed acceptance of a dedication of land. Under Middletown, the judge noted "[a]s long as the piece of land is properly dedicated, the municipality gains the ongoing right to accept the dedication or deny the dedication via municipal ordinance." See 193 N.J. at 237. Therefore, the judge found the passage of the Ordinance to accept the dedication of the parcel was valid.

The judge further considered whether plaintiff was entitled to reimbursement of the excess taxes assessed against the property. He stated:

> [Defendant] would be unjustly enriched if this [c]ourt were to recognize the dedicated status of the property and simultaneously enforce the full tax assessments against Crusader and [plaintiff].

_____

[2] The court also ordered a stay of the Ordinance.

A-2654-17T2

> [Defendant] received tax revenues on the property over the course of a few years in excess of the value of the lot as dedicated property. Therefore, it is only fair and equitable to reimburse . . . [p]laintiff for the excess tax amounts assessed against the property.

Therefore, the court also ordered defendant to reimburse plaintiff in the amount of $10,264.18, representing the price of the tax certificate ($2,757.12), plus the amount Crusader paid in taxes from 2005 to 2008 ($7,507.06), which exceeded the "nominal" taxable value of the parcel given its dedicated status. Summary judgment was granted to defendant.

On appeal, plaintiff challenges both the validity of the Ordinance and alternatively, the trial court's calculation of the reimbursement.

We review the grant or denial of summary judgment de novo, under the same standard governing the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). Giving no deference to the trial court's legal conclusions, we must determine whether no genuine issue of material fact exists, entitling the moving party to judgment as a matter of law. N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 507 (App. Div. 2015).

Plaintiff contends the parcel's designation as "open space" is not an appropriate category of land for dedication. We disagree. Under N.J.S.A. 40:67-1, a municipal government may enact ordinances to "vacate

[or] . . . accept any street, highway, lane, alley, square, beach, park or other place, or any part thereof, dedicated to public use." (emphasis added). The 2002 Resolution indicated that Kedma dedicated the parcel as an "open space." The Municipal Land Use Law defines "open-space" as "any parcel or area of land or water essentially unimproved and set aside, dedicated, designated or reserved for public or private use or enjoyment or for the use and enjoyment of owners and occupants of land adjoining or neighboring such open space . . . for recreation and conservation purposes." N.J.S.A. 40:55D-5. "Recreation and conservation purposes" includes "the use of lands for . . . natural areas . . . water reserves, watershed protection . . . or a similar use for either public outdoor recreation or conservation of natural resources, or both." N.J.S.A. 13:8C-3. In granting Kedma's permit, the 2002 Resolution noted the "strong public purpose of dedicating open space for preservation." Here, the dedication of the parcel, an open space including a detention basis and wetlands, is a legitimate public purpose.

Plaintiff also contends defendant may not accept a dedication after taxing and selling a tax lien on the property. Our Supreme Court's ruling in Middletown compels we reject this contention.

In Middletown, the owners of property dedicated a lot on a subdivision map as a "park" in 1929, but the municipality neither accepted nor rejected the dedication for over seventy years. 193 N.J. at 232-34. After realizing in 1988 that the property comprised its own lot, the town began to assess taxes against it and eventually sold the tax lien to a bidder, who foreclosed on it in 2003. Id. at 233-35. A year later, the town sought a judgment recognizing the 1929 dedication and, while the action was pending, passed an ordinance accepting the dedication. Id. at 235.

The trial court rejected the town's claim that the park was dedicated to public use and dismissed the complaint. This court reversed, Township of Middletown v. Simon, 387 N.J. Super 65 (App. Div. 2006), and the Supreme Court affirmed the town's acceptance of the dedication, expressing its "substantial agreement" with this court's reasoning.[3] Middletown, 193 N.J. at 236.

The Supreme Court found that "[o]nce an owner of land makes an offer of dedication, that offer is 'complete and irrevocable so far as the dedicator is concerned.'" Id. at 241 (quoting Roger A. Cunningham & Saul

_____

[3] Because the Court affirmed the portion of the judgment approving the town's acceptance of the dedication of the park for the reasons expressed in Judge Skillman's "comprehensive opinion", we quote from both cases. Id. at 240.

Tischler, Dedication of Land in New Jersey, 15 Rutgers L. Rev. 377, 382, 395 (1961)). The Court further explained:

> The offer remains in place until the municipality accepts or rejects it, "no matter how long delayed, and these public rights can only be destroyed by proper municipal action, usually by vacation." Highway Holding Co. v. Yara Engineering Corp., 22 N.J. 119, 126 (1956) (citations omitted); Velasco v. Goldman Builders, Inc., 93 N.J. Super. 123, 134 (App. Div. 1966) ("[T]he power of acceptance continues indefinitely in the public authorities until such time as they reject or vacate the dedicated lands by official municipal legislative action.").
>
> [Ibid.]

Because a dedication does not convey property to the public, legal title remains with the dedicator, who must pay taxes on it. Id. at 236-37. Since a dedicated lot remains taxable, selling a tax lien on it does not serve to reject the dedication or bar acceptance of it under principles of collateral or equitable estoppel. Id. at 237. The right of acceptance remains regardless of who owns the property — "a subsequent party who 'acquires title by a tax foreclosure action takes the property subject to the public use and the municipality's continuing right to accept the dedication.'" Ibid. (quoting Middletown, 387 N.J. Super. at 75-76).

A-2654-17T2

Here, defendant properly accepted the 2002 dedication, which remained valid despite defendant taxing and selling a tax certificate on it. As in Middletown, where a municipality could accept a decades-old dedication after assessing taxes and selling a tax lien against it, here, defendant may also accept the dedication despite taxing and selling a tax lien on it.

In considering the applicability of a remedy, the Court acknowledged the dedication status of the property decreased its value considerably, accordingly, tax assessments must reflect the diminished value. Middletown, 193 N.J. at 244-45. Because the town received tax revenues on the park well in excess of the value of the lot as a dedicated property, equitable principles required reimbursement to the defendants. Id. at 245.

We are satisfied the trial judge properly assessed the reimbursement due to plaintiff. The record reflects the face value of the tax certificate Crusader purchased was $2,757.12, and the taxes paid by Crusader from 2005 to 2008 were $7,507.06. Recognizing defendant must disgorge the revenue it received on the parcel in excess of the nominal amount to which it was entitled, the trial judge appropriately ordered reimbursement of $10,264.18.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9